# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5240 | **DATE** | 12/21/2010 |
| **CASE TITLE** | Sullivan vs. Jamison | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for entry of a protective order [72] is denied. Counterclaimants' motion for protective order [73] is granted in part and denied in part. The 1/12/11 status hearing stands. See below for further detail.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Frank M. Sullivan, a member of the band Survivor, filed suit against former band member Jimmy Jamison alleging, among other things, copyright and trademark infringement, unfair competition, and breach of contract arising from Jamison's alleged unauthorized use of the Survivor name. Jamison, along with another former band member, Michael Ellis (collectively, "counterclaimants"), filed a counterclaim [42] against Sullivan and Survivor Music, Inc., seeking to recover unpaid royalties. The parties now ask the Court to resolve their disagreement as to the language of a proposed protective order.

The parties have reached an agreement regarding most of the terms of the proposed protective order, in which they seek confidential treatment of information regarding "business operations, processes and technical and development information... ." However, the parties disagree as to the inclusion of specific language that would allow non-party former band members Jim Peterik and David Bickler to view confidential documents relevant to the issue of Survivor royalties.

As an initial matter, we deny counterclaimants' motion to the extent that it seeks to include paragraph 9(e). Inclusion of that paragraph would allow Peterik and Bickler to review documents that are purportedly so confidential as to warrant an "Attorneys' Eyes Only" designation. Typically, and under the language of the parties' proposed orders, such documents cannot even be disclosed to non-producing party. *See Team Play, Inc v. Boyer*, No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005) ("Documents...marked 'Attorneys' Eyes Only' and the information they contain may not be disclosed to clients."). If such highly confidential documents exist in this matter, it would be improper to allow disclosure of those documents to Peterik and Bickler, when not even the opposing party could review the documents. Thus, paragraph 9(e) of counterclaimants' proposed order shall be stricken.

We grant counterclaimants' motion to the extent that it seeks to allow Peterik and Bickler,

presumably potential witnesses in this matter, access to documents designated as confidential. But we grant this request only to the extent the documents are used in conjunction with their testimony. As such, the following language shall be inserted as paragraph 8(f) in counterclaimants' proposed order:

Actual or potential witnesses, in advance of or during that witness' testimony at a deposition, hearing or trial in this Action, provided that (1) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes whatsoever, (2) counsel for the disclosing party endeavors in good faith to redact or handle the Confidential Information in such a matter as to disclose no more Confidential Information as is reasonably necessary in order to examine the witness, and (3) the witness is not allowed to retain the Confidential Information except as permitted under this Order.

The Court finds that this language will allow Peterik and Bickler, as well as other potential witnesses, to testify regarding the documents, while still protecting the confidential nature of the documents. The parties may also modify paragraph 10 to require the persons identified in paragraph 8(f) to sign and agree to be bound by the declaration attached to the proposed order as Exhibit A.

Lastly, consistent with Seventh Circuit precedent, the proposed order should be modified to include an explicit procedure under which an interested member of the public can challenge the confidential designation of particular documents. *See Bond v. Utreras,* 585 F.3d 1061 (7th Cir. 2009). The parties shall submit, by 1/3/11, a proposed protective order consistent with this ruling to the Court's proposed order e-mail address in WordPerfect format. If the parties wish to submit the proposed order as agreed, their proposal shall contain the e-signatures of both parties.