# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5240 | **DATE** | 3/8/2011 |
| **CASE TITLE** | Sullivan vs. Jamison | | |

**DOCKET ENTRY TEXT**

Plaintiffs-counter defendants, Frank Sullivan and Rude Music Inc. (collectively "Sullivan"), move for summary judgment on defendants-counter plaintiffs, Jimmy Jamison and Stephan Ellis, counterclaim on the basis that neither Jamison nor Ellis disclosed their claims for any Survivor royalties when filing for bankruptcy protection. For the reasons that follow, Sullivan's motion for summary judgment [82] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**Legal Standard**

 A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials of file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. When deciding a motion for the Court construes all reasonable inferences in the light most favorable to the non-moving party. Abdullahi v. City of Madison, 423 F. 3d 763, 773 (7th Cir. 2005). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317, 324 (1986).

**Discussion**

 As the sole basis for seeking summary judgment, Sullivan argues that it is both undisputed and dispositive that neither Ellis nor Jamison disclosed his alleged interests in the "joint venture," the Scotti Brothers contract, or any Survivor royalties when filing for bankruptcy protection. Sullivan asserts that the doctrine of judicial estoppel prohibits them from now pursuing royalties that were not disclosed to the bankruptcy trustee or their creditors. Judicial estoppel prevents parties from abandoning positions upon which they have prevailed in earlier litigation. Williams v. Hainje, 375 Fed. Appx. 625, 627 (7th Cir. 2010). In the context of a bankruptcy, "a debtor who receives a discharge by concealing the existence of a chose in action cannot wait until the bankruptcy ends and then pursue the claim." Id. (citing Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006)).

 In Williams, the Court found that Williams had intentionally concealed the lawsuit that had been pending for two years prior to Williams filing for bankruptcy and that Williams failed to inform the bankruptcy court of the lawsuit even when the bankruptcy court modified the plan offering further debt relief. Williams, 375 Fed. Appx. at 636-627. In fact, in that case, Williams did not amend his property schedules with the bankruptcy court until the defendant had moved for summary judgment on the grounds of judicial estoppel arguing that Williams was precluded from pursuing the lawsuit because he failed to disclose it as an asset in his bankruptcy proceedings. Id. at 627. In affirming the judgment of the district court's use of judicial estoppel, the Court found

that the district court reasonably inferred that Williams made a knowing misrepresentation because when he filed for bankruptcy his lawsuit was well into discovery and he reported as unsecured debt in his bankruptcy the medical expenses that he allegedly incurred from the underlying injury, which he was claiming as damages in the suit. Id. at 628.

Sullivan also relies on Cannon-Stokes v. Potter in support of his argument that Jamison and Ellis should be judicially estopped from asserting their claims. In Cannon-Stokes, the plaintiff letter carrier sued the Postmaster General for failing to accommodate her disability. 453 F.3d at 447. When the plaintiff filed for bankruptcy protection she expressly denied on her petition that she had any valuable legal claims. Id. The bankruptcy court discharged all of her unsecured debt, approximately $98,000. Id. Thereafter, she filed a lawsuit against her employer. The court found that the plaintiff was judicially stopped from asserting the claim, holding that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." Id. at 448.

Here, in opposition to Sullivan's motion for summary judgment Jamison and Ellis both assert that they listed or amended their bankruptcy filings to include the royalties from Survivor. Both Jamison and Ellis admit filing for bankruptcy protection. Ellis filed his bankruptcy petition in June 1987, while still a member of Survivor. Ellis asserts that he listed his ownership interest in Survivor Music Enterprises, Inc. on his bankruptcy schedules and that on July 27, 1987, the Trustee issued his Report. (Counterclaimants' Opposition Brief, D.t. # 106, at 3.) Sullivan attached as an exhibit to his Statement of Undisputed Material Facts, Ellis' bankruptcy petition and property schedules. (D.t. # 83-1, Exhibit 6.) The property schedules do in fact list Survivor Music Enterprises, Inc. as an asset.

In opposition to the motion, Ellis refers to paragraphs 15 and 16 of the Response to Statement of Facts, which in turn refer to paragraphs 1-13 of counter claimants' Separate Statement of Facts to support his contention that it was through Survivor Music Enterprises, Inc. that he was entitled to royalties. Those paragraphs refer to various agreements and documents among the members of Survivor and between the band and the record label. (D.t. # 106-5.) Included in the exhibits offered by Ellis in opposition, are the Joint Venture Agreement signed by the original members of the band Survivor and the employment agreement entered by the original members of Survivor. (Exhibit 1, D.t. # 106-2.) Also submitted by Ellis is a document, which Sullivan asserts is merely a draft, titled "Group Member Withdrawal/Stock Repurchase Agreement" that lists Stephan Ellis as a member of the "Group" and Survivor Music Enterprises, Inc. as the corporate entity. Paragraph F of this document indicates that a 20% share for each of the remaining members of the Group. (Exhibit 4, D.t. # 106-2.) Also, proffered by Ellis is letter from Ernst and Whiney dated September 4, 1984, addressed to Stephan Ellis (there are similar letters to Sullivan, James Peterik) explaining the financial statement of Survivor Music Enterprises, Inc. and any amounts payable to Stephan Ellis and other band members. (Exhibit 5C, D.t. # 106-2.) Taken together, these documents demonstrate that Ellis listed on his bankruptcy schedules an interest in Survivor Music Enterprises, Inc. and that Survivor Music Inc. was the corporate vehicle through which band members were paid. This Court therefore finds the application of judicial estoppel in this instance would be inappropriate. There is no evidence of intentional concealment of an interest in the Survivor group that would place this case in the same category as Williams or Cannon-Stokes.

Likewise, Jamison has presented copies of his amended application to approve employment of special counsel and the bankruptcy court's order granting the application. (Exhibits 29-30, D.t. # 106-2.) The application specifically states that it is for the purpose of enforcing Jamison's contractual rights to certain royalties. (Exhibit 29, D.t. # 106-2.). A debtor in bankruptcy may amend his petition at any time prior to closing provided he is not acting in bad faith. In re Icke, 2006 Bank. LEXIS 2820 (Bank. S.D. Ill. Oct. 4, 2006); FED. R. BANK. P. 1009(a). Jamison's bankruptcy proceedings had not closed at the time of his application to approve the employment of special counsel to pursue the instant claim. Therefore, this court finds that judicial estoppel

| **STATEMENT** |
|---|
| would not be appropriate in this instance.<br>     Based on the foregoing, in the light most favorable to the non-moving parties, Sullivan has not demonstrated that judicial estoppel precludes Ellis and Jamison from asserting the instant claims for royalties and that Sullivan is entitled to judgment as a matter of law. Sullivan's motion for summary judgment [82] is denied. |